UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

Joseph I. Windman, Esq. (JW7236)
4400 Route 9 South, Suite 3000
Freehold, New Jersey 07728
732-780-4222
Attorney for Debtor(s)

Chapter 7

Case No.: 20-10092-KCF

Honorable Kathryn C. Ferguson

In Re:
David M. Parsons
Jennifer L. Parsons

Debtor(s)

CERTIFICATION IN SUPPORT OF MOTION TO AVOID DOCKETED JUDGMENT AND JUDICIAL LIEN OF BANK OF AMERICA AS TO DEBTOR DAVID M. PARSONS PURSUANT TO 11 U.S.C. 522(h) and 11 U.S.C. 547(b)

Hearing Date: February 4, 2020

I, David M. Parsons, the undersigned, the Debtor in the above matter, does hereby certify as follows:

1. I filed a Chapter 7 Bankruptcy Petition on January 3, 2020.

2. Creditor Bank of America filed a lawsuit and entered a judgment against me in Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-001936-19, on November 14, 2019 regarding account number 7130 in the amount of $16,546.56. See attached Exhibit A.

3. The aforesaid judgment was docketed as a judicial lien on December 5, 2019 against me as follows: Bank of America, Superior Court of New Jersey, Law Division, Monmouth County, Docketed Judgment Number J-186090-19, in the amount of $16,546.56. See attached Exhibit B.

4. The aforesaid judgment was docketed as a judicial lien on December 5, 2019 against my property interest in my residence commonly known as 93 Newtons Corner Road, Howell, New Jersey, this is considered a transfer by the creation of a lien as an involuntary transfer of an interest in property.

5. The docketing of the judgment as a judicial lien is avoidable as a Preference as a transfer of an interest in property for the benefit of a creditor, on account of an antecedent debt owed to the creditor, while insolvent and within 90 days before the date of the filing of the within Chapter 7 Petition, enabling the creditor Bank of America to receive and have a better collection position outside of Bankruptcy.

6. I am permitted to recover property transferred under certain circumstances as provided by statute to the extent I could have exempted the property involved in the avoided transfer.

7. This right to avoid this involuntary preferential transfer of an interest in my personal residence by way of the docketed judgment exists because outside of bankruptcy the docketed judgment lien allows the creditor Bank of America to have a better collection position than other creditors

8. The preferential transfer involving creditor Bank of America is as follows:

a. an involuntary transfer of property by the fixing of a docketed judgment resulting from a lawsuit judgment, an act beyond my personal control.

b. the property interest is not concealed and listed and set forth in my Bankruptcy Petition Schedules B and C. See attached Exhibit C.

c. the Trustee has not attempted to avoid the preferential transfer and further has no incentive to recover this property interest through an avoidance action where I would be primarily and exclusively the sole beneficiary of the recovery of the property interest.

d. the exercise of the avoidance action is usually used by the trustee as provided by statute under section 522(h).

e. the property interest is of the kind that I am able to exempt if the trustee had avoided the transfer under section 522(g).

8. This Certification is submitted in support of a Motion to Avoid Docketed Judgment and Judicial Lien of Bank of America as a Preference pursuant to 11 U.S.C. 547(b).

I/We certify under penalty of perjury that the foregoing is true and correct.

Dated: January 9, 2020

/s/ David M. Parsons
David M. Parsons

# Exhibit A

# Case Summary

**Case Number:** MON L-001936-19

**Case Caption:** Bank Of America, N.A . Vs Parsons David

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Monmouth | **Case Initiation Date:** 05/31/2019 |
| **Case Type:** Contract/Commercial Transaction | **Case Status:** Defaulted | **Jury Demand:** None |
| **Case Track:** 2 | **Judge:** Andrea I Marshall | **Team:** 2 |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:** 0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:** 0 |
| **Disposition Date:** 11/14/2019 | **Case Disposition:** Default Judgment | **Statewide Lien:** J -186090-19 |

## Plaintiffs
### Bank Of America, N.A.

| | | |
|---|---|---|
| **Party Description:** Bank | | **Attorney Name:** Jennifer Lynn Dering |
| **Address Line 1:** 395 West Passaic Street, Ste 205 | **Address Line 2:** | **Attorney Bar ID:** 020142006 |
| **City:** Rochelle Park    **State:** NJ | **Zip:** 07662 | **Phone:** |

**Attorney Email:** JEFIS@TENAGLIAHUNT.COM

## Defendants
### David M Parsons

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** |
| **Address Line 1:** 93 Newtons Corner Rd | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** Howell    **State:** NJ | **Zip:** 07731-2887 | **Phone:** |

**Attorney Email:**

## Case Actions

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 5/31/2019 | Complaint for MON-L-001936-19 submitted by DERING, JENNIFER LYNN, TENAGLIA & HUNT, PA on behalf of BANK OF AMERICA, N.A. against DAVID M PARSONS | LCV2019958940 | 5/31/2019 |
| 6/1/2019 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV2019961389 | 6/1/2019 |
| 7/12/2019 | Affidavit Of Service uploaded by Case Management Staff submitted by JENNIFER LYNN DERING | LCV20191270961 | 7/22/2019 |
| 8/20/2019 | AFFIDAVIT OF SERVICE submitted by HIRST, COLLEEN, M of TENAGLIA & HUNT, PA on behalf of BANK OF AMERICA, N.A. against DAVID M PARSONS | LCV20191481421 | 8/20/2019 |
| 9/13/2019 | REQUEST FOR DEFAULT submitted by HIRST, COLLEEN, M of TENAGLIA & HUNT, PA on behalf of BANK OF AMERICA, N.A. against DAVID M PARSONS | LCV20191649618 | 9/13/2019 |
| 9/13/2019 | CLERK NOTICE: re: REQUEST FOR DEFAULT [LCV20191649618] -Default entered against David Parsons on 9/13/19 - as | LCV20191649694 | 9/13/2019 |
| 9/13/2019 | Default has been entered against the following party/parties: DAVID M PARSONS | LCV20191655018 | 9/13/2019 |
| 11/8/2019 | FINAL JUDGMENT BY DEFAULT submitted by DERING, JENNIFER, LYNN of TENAGLIA & HUNT, PA on behalf of BANK OF AMERICA, N.A. against DAVID M PARSONS | LCV20192064158 | 11/8/2019 |
| 11/14/2019 | Final Judgment By Default submitted by Court | LCV20192100915 | 11/14/2019 |
| 11/14/2019 | Default has been entered against the following party/parties: DAVID M PARSONS | LCV20192105195 | 11/14/2019 |
| 12/2/2019 | JUDGMENT BY DEFAULT submitted by FRITZ, MARIE, TENAGLIA of TENAGLIA & HUNT, PA on behalf of BANK OF AMERICA, N.A. against DAVID M PARSONS | LCV20192211402 | 12/2/2019 |
| 12/5/2019 | CLERK NOTICE: re: JUDGMENT BY DEFAULT [LCV20192211402] -Entered in the Civil Judgment and Order Docket in the Superior Court Clerk's Office J 186090-19 | LCV20192238353 | 12/5/2019 |

## Statewide Lien(s)

| Judgment Number | Case Status | Status Date |
|---|---|---|
| J -186090-19 | OPEN | 12/05/2019 |

Jennifer L Dering, Esq
020142006
TENAGLIA & HUNT, P.A.
395 W Passaic Street, Suite 205
Rochelle Park, NJ 07662
(201) 820-6001
<u>Attorneys for Plaintiff(s)</u>
Bank of America, N.A.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
MONMOUTH COUNTY

Plaintiff,

vs.

Docket Number

David M Parsons

Civil Action

Defendant.

## COMPLAINT

Plaintiff, Bank of America, N.A., by its attorneys, Tenaglia & Hunt, P.A. hereby complains against the Defendant and hereby alleges as follows:

### THE PARTIES

1. Plaintiff is a national banking association organized and existing under the laws of the United States of America and having its principal place of business at 100 North Tryon Street, Charlotte, North Carolina 28202.

2. Bank of America, N.A. ("BANA") is wholly-owned subsidiary of Bank of America Corporation and the successor-in-interest to FIA Card Services, N.A., formerly known as MBNA America Bank, N.A., ("FIA"). FIA was merged into and under the charter and title of BANA effective October 1, 2014.

3. Defendant is an adult resident of the state of New Jersey, County of MONMOUTH.

### FIRST COUNT

1. At all relevant times herein, Defendant applied for and received a credit account, which is owned and administered by Plaintiff (the "Account"). Defendant used or authorized the use of the credit account bearing the Account No. ending in the last four digits 7130.

2. The current Account balance is $16,546.56, which includes any applicable payments and credits. The Account is not accruing post charge-off interest.

3. In accordance with federal regulations, monthly periodic statements for the Account have been provided to the Defendant. Based on Plaintiff's records, there are no unresolved billing disputes related to the Account.

4. The statements of Account, set forth in detail all charges incurred on the Account and the total amount due and owing by Defendant thereon.

WHEREFORE, Plaintiff demands as damages the sum of $16,546.56, together with costs of this suit.

## SECOND COUNT

1. Plaintiff repeats, reiterates and incorporates each and every allegation contained in the foregoing paragraphs as though fully set forth at length herein.

2. Plaintiff sues said Defendant for the reasonable value of the use or authorized use of the Account for the acquisition of goods, services, balance transfers or cash advances in accordance with the customer agreement governing the use of the Account with Plaintiff.

WHEREFORE, Plaintiff demands as damages the sum of $16,546.56, together with costs of this suit.

TENAGLIA & HUNT, P.A.
Attorneys for Plaintiff(s)

BY: _____
Jennifer L Dering, Esq

Dated: 5/16/19
Our File No.: AB001697

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our knowledge and belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above captioned. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

_____
Jennifer L Dering, Esq

## CERTIFICATION PURSUANT TO RULE 1:38-7

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

_____
Jennifer L Dering, Esq

# Exhibit B

**JUDGMENT SEARCH**

Need Step-By-Step Help?     Judgment Public Search Demo Videos     Contact Us

## Judgment Search Result Details

Note: If you have pop-up blocker installed, you must disable it to view party details
Search for a Judgment by selecting one of the following tabs below.

**Name**   Judgment #   Docket #

Judgment Number: J 186090 19- BANK OF AMERICA, N.A . VS PARSONS DAVID

| | | |
|---|---|---|
| Docket Number: L 001936 19 | Venue-Id: MON | Filing Location: MONMOUTH |
| Status Date: 12/05/2019 | Judgment Amount: $16546.56 | Court Costs: $317.20 |
| Other Amount: $0.00 | Processing Location: MONMOUTH | Judgment Enter Date: 12/05/2019 |
| Court: LCV | Judgment Status: Open | |
| Interest: $0.00 | Attorney Fee: $0.00 | |
| Time: 11:37AM | Judgment Filing Date: 11/14/2019 | |

### Party/Debt Summary

Debt ID: 1   Debt Status: Open   Debt Amount: $16546.56   Attorney Fee: $0.00   Cost: $317.20   Interest: $0.00   Other Amount: $0.00   Debt Enter Date: 12/05/2019

| Name(Last, First MI, Suffix) | Role | Alternate Names | Party Debt Status | Status Date |
|---|---|---|---|---|
| PARSONS, DAVID M | DEBTOR | | Open | 12/05/2019 |
| BANK OF AMERICA, N.A. | CREDITOR | | Open | 12/05/2019 |

### Document Summary

1.

| Document Type | Document File Date | Document Status |
|---|---|---|
| | 11/14/2019 | |

| Party Name (Party Doc Role) |
|---|
| BANK OF AMERICA, N.A . , (P) |
| PARSONS DAVID M, (T) |

Print   Search Again   Back

Screen Id 123456   © Copyright NJ Judiciary 2018

BUILD:2018.02.3.00.050

# Exhibit C

Fill in this information to identify your case and this filing:

Debtor 1: **David M. Parsons**
First Name / Middle Name / Last Name

Debtor 2 (Spouse, if filing): **Jennifer L. Parsons**
First Name / Middle Name / Last Name

United States Bankruptcy Court for the: DISTRICT OF NEW JERSEY

Case number: 20-10092

☐ Check if this is an amended filing

# Official Form 106A/B
## Schedule A/B: Property
12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

   ☐ No. Go to Part 2.
   ■ Yes. Where is the property?

**1.1**

93 Newtons Corner Road
Street address, if available, or other description

Howell    NJ    07731-0000
City    State    ZIP Code

Monmouth
County

What is the property? Check all that apply
■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

Who has an interest in the property? Check one
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

Current value of the entire property? **$283,500.00**
Current value of the portion you own? **$283,500.00**

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**Tenancy by the Entirety**

☐ Check if this is community property (see instructions)

Other information you wish to add about this item, such as local property identification number:

purchased November 16, 2009 $285,000, Block 2.26 Lot 7, tax assessment $305,500; fair market value $315,000 less cost of sale allowance $31,500 (10%)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here................................................=>    **$283,500.00**

### Part 2: Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases*.

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | David M. | | Parsons |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse if, filing) | Jennifer L. | | Parsons |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: DISTRICT OF NEW JERSEY

Case number (if known) 20-10092

☐ Check if this is an amended filing

## Official Form 106C
## Schedule C: The Property You Claim as Exempt    4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1:    Identify the Property You Claim as Exempt

1. Which set of exemptions are you claiming? *Check one only, even if your spouse is filing with you.*

   ☐ You are claiming state and federal nonbankruptcy exemptions.   11 U.S.C. § 522(b)(3)

   ■ You are claiming federal exemptions.   11 U.S.C. § 522(b)(2)

2. For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own<br><br>Copy the value from Schedule A/B | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| 93 Newtons Corner Road Howell, NJ 07731  Monmouth County purchased November 16, 2009 $285,000, Block 2.26 Lot 7, tax assessment $305,500; fair market value $315,000 less cost of sale allowance $31,500 (10%)<br>Line from *Schedule A/B*: **1.1** | $283,500.00 | ■ $24,205.09<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(1) |
| 2016 Chrysler Town and Country Van 80,000 miles<br>Line from *Schedule A/B*: **3.1** | $18,525.00 | ■ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(2) |
| 2013 Chevrolet Traverse SUV 80,000 miles<br>Line from *Schedule A/B*: **3.2** | $9,525.00 | ■ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(2) |